Lapleine vs. Railroad and Steamship Company.

## No. 1307.

BERNARD LAPLEINE VS. MORGAN'S LOUISIANA AND TEXAS RAILROAD AND STEAMSHIP COMPANY.

In a suit by the father of a minor child for the latter's separate use and benefit, the mother is not disqualified as a witness, because she does not testify for or against her husband but for or against the child, and the case is not affected by the provision of law giving to fathers and mothers the enjoyment of the estate of their minor children.

When two causes co-operate to produce the damage resulting from a legal injury, the proximate cause is the originating and efficient cause which sets the other cause in motion.

The duty of care and of abstaining from the unlawful injury of another applies to the sick, the weak, the infirm, as fully as to the strong and healthy, and when that duty is violated, the measure of damages is the injury done, even though such injury might not have resulted but for the p culiar physical condition of the person injured, or may have been aggravated thereby.

Thus, though the damage done to a child by an injury appears to be aggravated by a latent hereditary hysterical diathesis, which had never exhibited itself before the accident and might never have developed but for it, the party in fault will be held for the entire damage as the direct result of the accident.

APPEAL from the Twenty-first District Court, Parish of Iberia. Mouton, J.

_R. S. Perry_ for Plaintiff and Appellee :

A document placed in evidence by defendant, on cross-examination of plaintiff's witness, without restriction, is to be considered as substantive and independent evidence.

Testimony of a witness, otherwise unworthy of belief, is to have full weight, in so far as it is supported by other credible testimony, and particularly when the supporting evidence consists of an affidavit secured from the witness by the party against whom she testifies, and is put in evidence by him.

The negligence of a parent or guardian cannot be imputed to a _non sin generis_, who is not herself in fault, Beach on Contributory Negligence, p. 127.

When a latent disease may or may not develop into activity, without the intervention of some accident, and it is developed by an accident, the predisposition is not, and the accident is the efficient, proximate cause. The efficient cause is that which puts the others in motion. It need not be the sole or immediate cause. Defendant cannot show that plaintiff would have suffered as much had he not wronged. 5 Otto 117 ; Sherman & Redfield, 310 ; Sedgwick, vol, 1, page 60 ; note vii ; _Ibid_, vol. ii, p. 362, note 6 ; Patterson, § 17, 18, 29, p. 26 ; Thompson, p. 1267, § 61 ; Sutherland, vol. iii., p. 434, note.

Misconduct of parents after accident cannot affect the rights of their child.

Evidence, admitted under general averments, or no averments at all, is to have full effect. 16 Ann. 273 ; 20 Ann. 70, 241, 379 ; Louque, p. 234 (c).

Burden of Proof. The rule is, _ei incumbit probatio qui dicit, non qui negat_. But if subject of negative proposition is specially in knowledge of other party, it will be taken as true, unless that party disproves it. The happening of a catastrophe which might have been prevented raises a presumption of negligence. These circumstances may throw burden of exculpation on defendant. _Res ipsa loquitur_. Greenleaf. § 79 ; Lawson on Presumptive Evidence, p. 112 ; Wharton on Evidence, § 367, 359, 360 ; Moak's Underhill, pp. 310, 313. 315 ; 11 Wall 130 ; Am. Law Register (N. S.), 350, 363, note Kirst vs. Milmambuie, 46 ; Wise 489 ; Thompson on Negligence, p. 1227, note ; 3. _Res_

*ipsa loquitur*, pp. 1228, 1229, 1230 ; Day vs. Railway Co., 35 Ann. 698 ; 37 Ann. 777 ; Pat-terson Accident Law, p. 434, § 375 ; *Ibid*, § 375.

Jury can consider what it sees in visiting *locus inquo*, and the injured party in connection with testimony of witness.

Damages. Measure of Damages.—Discretion of the Jury, C. C. 1934, 2315, 2316 ; Suther-land, vol. iii, pp. 711, 712 *et seq.*; Thomson, pp. 1256, §§ 44, 62, 63 ; Sedgwick. vol. 1 p. 44 ; Patterson, §§ 393, 394, 37 Ann 93.

In torts a party committing a wrongful act is responsible for all direct injuries resulting from his wrongful act.

It is not necessary that the damages be foreseen, as consequential damages from breach of contract must be contemplated by the parties. Sutherland, vol. iii, pp. 714, 20, 47, 48.

Injured persons entitled to prospective damages. Thompson, vol. ii, p. 1263, § 47; Suther-land, vol. i, pp. 175, 190, 193 ; vol. iii, pp. 266, 722 ; Sedgwick, vol. 1, p. 20⅚ ; 17 Ann. 19 ; 22 Ann. 603 ; 23 Ann. 180 ; 35 Ann. 205 ; 38 Ann. 779.

Assessing damages torts is the peculiar province. Sutherland, vol. 1, p. 810 ; vol. iii, p. 730 ; 10 Ann. 88 ; C. C 1935, § 3 ; 13 Ann. 26 ; 19 Ann. 362 ; H., p. 106 (g) No. 2 ; 12 R. 678 ; 37 Ann. 93.

A document from which witness has refreshed his memory, and to the truth and correct-ness of which he has sworn, is admissible in evidence if not *per se*, inadmissable. It is admissable as independent evidence. Wharton on Evidence. § 516.

An expert cannot testify as to his opinion before he has testified to the facts. It is only after he has testified to the facts that he may state his opinion. Rogers on Expert Testimony p. 48, § 31.

A non-expert witness may sometimes state opinions, or conclusions such as to whether a person is intoxicated, or sober ; or sad, or suffering and looked bad, or eccentric, etc. Rogers, § 3.

The report of experts cannot be considered unless they have been appointed and sworn, and have proceeded and have made their report. and same has been homologated pursuant to C. P. 142, 446, 448, 450, 451, 453, 454, 456.

Excessive Damage.—17 Ann. 19 ; 23 Ann. 180 ; 37 Ann. 705 ; 38 Ann. 778.

*D. Caffery* for Defendant and Appellant :

1.   Plaintiff, in action of damage, must show the act creating the damage. When that fails, no recovery can be had. C. C.

2.   Where damages are asked for a result, wholly unexpected and unnatural as a conse-quence of the act complained of, no recovery can be had.

3.   The resultant damage must be connected with the act, as proximate and efficient cause, by necessary concatenation.

Sutherland on Damage, pp. 20 to 25 ; Sedgwick, 112 to 114 ; Beach Contributory Negligence, 32 ; Scheffer vs. R. R. Co. 105 U. S. R. 248 ; 4 Col. Rep, p. 347.

The opinion of the Court was delivered by

FENNER, J. The plaintiff sues in behalf of his minor child, Marie Lapeine, to recover damages for injury inflicted upon her through the fault of the defendant company.

He alleges that in April, 1885, Marie, with other children, was at play in the rear part of her father's yard, on the inside of a plank fence separating said yard from the railroad track of said defendant, when a train of cars belonging to the latter and loaded with split lumber passed along said track, and the stakes confining said lum-

Lapleine vs. Railroad and Steamship Company.

ber becoming loosed or disarranged, the lumber broke away from its fastenings and tumbled off the car, part of it being precipitated over the fence and falling into plaintiff's yard, striking the child, Marie, and inflicting on her the injuries complained of.

The evidence is, to our minds, conclusive on the following points, viz:

1. That the lumber was precipitated from defendant's car over plaintiff's fence and into his yard substantially in the manner charged.

2. That this was caused by the improper loading or insufficient fastening of the lumber and by the imprudent handling of the train, and is imputable exclusively to the negligence and fault of defendant.

3. That the child, Marie, was struck and injured by the falling lumber.

4. That the child was entirely free from any fault or contributory negligence of any kind whatever.

As to all the above points, except the *third*, there is no room for the slightest dispute.

As to the third point, the evidence is conflicting, but after a thorough scrutiny, we are perfectly satisfied that Marie was struck and injured by the lumber.

The child was undoubtedly in the yard and near where the lumber fell. The lumber was pitched over into that yard. Immediately afterward the child was found with a wound upon her head and bruises on her body, and she stated she had been hurt by the falling lumber, although, by reason of her age and condition, she was not admitted as a witness.

The colored nurse, Mary Coleman, was the only immediate witness of the injury to the child. She is a curious example of utter depravity and insensibility to the obligation of truthfulness. She pretends to have been bribed by both parties, and her only complaint was that neither had paid the promised bribe. She was put on the stand by plaintiff and testified on every point in her favor. The counsel for defendant then produced a written statement made by her before a notary, and under oath, some time before, in which she contradicted nearly everything she had just been saying. Of course, such a witness is unworthy of belief; but it is a significant fact, that in the statement above referred to, which had been obtained from her by the agents of defendant and was produced by it on the trial, she stated positively that Marie was struck and hurt by the lumber. On this point we believe she told the truth. She is confirmed by Mrs. Lapleine, the mother of Marie, who saw the child when she was withdrawn

from the lumber that had fallen upon her. Her testimony was objected to on the ground that she was incompetent under the provisions of Art. 2281, Rev. C. C., which declares that " a husband cannot be a witness for or against his wife, nor a wife for or against her husband."

It is clear that this is not the husband's suit, but that of the child. The petitioner himself expressly declares that he sues " in his capacity as father to his minor child, Marie, and for her separate use, benefit and advantage." The circumstance that, under Art. 221, C. C., " Fathers and mothers shall have, during marriage, the enjoyment of the estate of their children until their majority or emancipation," subject to the obligation of supporting and educating them, is not sufficient to disqualify either of them as witnesses in cases in which their children are parties. If it would disqualify either, it would disqualify both, since the law gives the enjoyment to "fathers and mothers."

There is much other corroborating and confirmatory testimony, and the whole, taken together, completely overwhelms the efforts of one or two employees of the railroad to establish that Marie was not struck by the lumber, but was some distance from where it fell, and was hurt by tripping and falling as she ran away in alarm. Not only is this theory inconsistent with all the facts and other testimony, but it is utterly insufficient to account for even the apparent physical injuries which Marie undoubtedly received.

The foregoing points being thus settled, it conclusively follows that the defendant is responsible for the damage legally occasioned by its negligent fault.

As to the nature and extent of the injury, it is shown, without any semblance of contradiction, that up to the moment of this accident Marie, then eight years old, had been a bright, intelligent, active and thoroughly healthy child. From that moment she became, and has remained, a constant invalid, seriously affected in mind and body, her nervous system shattered, subject to headaches, to attacks of nausea and vomiting, to frequent and sudden fainting or falling fits, emaciated, indisposed to physical or mental exertion, dragging her limbs in walking, and otherwise afflicted. At the time of this trial about two years had elapsed since the accident, and, though slightly improved, the child continues, to a great extent, affected, as above indicated.

The medical testimony indicates that it is doubtful when or whether ever she will entirely recover. If the foregoing injury and suffering have been occasioned by the accident as the legal, proximate cause,

it would be difficult to say that the verdict of the jury for $7500 was excessive. But defendant maintains that the physical injuries directly inflicted upon the child were slight and unimportant and utterly inadequate of themselves to produce the disastrous results which have been manifested; that these results have been occasioned by the peculiar constitution of the child, who inherited from its mother a hysterical tendency or diathesis, the development of which has intervened as the operative and efficient cause of her affliction and sufferings, and that the accident is not, therefore, the true *causa causans*, the proximate and efficient cause casting responsibility on defendants.

We are by no means satisfied that the external manifestations indicate conclusively the extent and nature of the injuries received, or that the shock and derangement of the nervous centres and spinal cord may not have been sufficient to produce like results in an ordinarily constituted child.

It is, however, proved that the mother of the child is subject to hysteria; that hysteria is, in many cases, heritable, and that the symptoms of the child's affliction are, in many respects, of a hysterical character.

But it is very certain that the child had never exhibited the slightest symptoms of hysteria or other constitutional disease prior to this accident; the medical testimony does not establish that hysteria is necessarily or universally inherited, and it does not appear that, but for this accident, Marie might not have passed her entire life without the slightest development of hysteria.

Admitting, therefore, that the child had a latent hysterical diathesis, in order to escape liability it would devolve on defendant to show that such diathesis was by itself a sufficient independent cause which would have operated in producing or aggravating the damage independently of the accident.

In this defendant has entirely failed.

If the hysterical diathesis concurred with the accident in producing the damage, in determining which of the two is the proximate cause, we must inquire which was the cause that set the other cause in motion.

In the language of the Supreme Court of the United States, "the proximate cause is the efficient cause, the one that necessarily sets the other causes in motion." Ins. Co. vs. Boon, 95 U. S. 117.

We are cited to a Colorado case which holds that where the physical condition of the person injured is, at the time of the injury, such that the

injuries caused by the negligence are thereby aggravated, the railway is not liable for that aggravation. P. P. C. Co. vs. Barker, 4 Col. 344.

We think, however, the doctrine is not sound and is not in accord with the weight of authority. The duty of care and of abstaining from injuring another is due to the weak, the sick, the infirm, equally with the healthy and strong, and when that duty is violated the measure of damage is the injury inflicted, even though that injury might have been aggravated, or might not have happened at all, but for the peculiar physical condition of the person injured.

Thus, in one case, a person afflicted with scrofulous disease was injured by the negligence of a municipal corporation in failing to keep its streets in repair, and suffered damage greatly in excess of what he would have suffered but for his disease; yet the court held that the corporation was bound to keep its streets in repair for the sick and infirm as well as for the well, and held the city liable for the whole damage. Stewart vs. Ripon, 38 Wis. 584.

In another case a pregnant woman was injured, resulting in malformation of the child carried and its subsequent delivery, dead; and the author of the negligence was held liable for the whole damage. Shartle vs. Minneapolis, 17 Min. 301, lo.

A railway was held liable for cancer following at an interval of three weeks after a blow on the breast of a female. B. C. P. Railway vs. Kemp, 61 Md. 74; (see also) Ry. vs. Buck, 96 Ind. 346; Jucker vs. R. R., 52 Wis. 150; Delic vs. R. R., 51 id. 400; Sauter vs. R R., 66 N. Y. 50; Beauchamp vs. Mining Co., 50 Mich. 163; Barbee vs. Reese, 60 Miss. 906; Patterson's Ry. Acc. Law, §§ 29, 278; 2 Thomp. Neg. 1099.

The inheritance of a hysterical diathesis (if it existed) was a misfortune, but certainly not a fault, in this child; it in no manner diminished her right to protection from injury by the fault of defendant; prior to this accident she had never suffered from this latent constitutional taint; but for the accident, she might never have suffered from it; the accident was the direct, immediate and efficient cause which set in motion all other causes which created or aggravated the damage; and the defendant is justly bound to answer for these deplorable consequences of his fault. There is evidence, however, showing that the child's affliction and injury have been aggravated by the injudicious conduct and treatment of her mother. For such aggravation of the damage suffered, it goes without saying that defendant cannot be held liable. We need not particularize as to the nature of this conduct, except to say that it does not reflect upon her sincerity, but only

on her injudicious sympathy and encouragement and excitement of the child's disordered nervous system.

This and some other considerations lead us to reduce the damages allowed by the jury.

It is, therefore, ordered and decreed that the verdict and judgment appealed from be amended by reducing the principal thereof to $5000 and that, as thus amended, it be affirmed, appellee to pay cost of appeal.

Judgment amended.