No. 13,211.

FRANK WATSON vs. I. L. LYONS & Co. IN RE FRANK WATSON, APPLYING FOR CERTIORARI, OR WRIT OF REVIEW TO THE COURT OF APPEALS, PARISH OF ORLEANS, STATE OF LOUISIANA.

SYLLABUS.

In a suit by the father of a minor child on two causes of action, one residing in himself and occasioned by expenses incurred on account of the illness brought upon the child by the alleged tort of the defendant, and by reason of the anxiety and mental suffering endured by himself and his wife in consequence of the child's danger; the other residing in the child and arising in consequence of the suffering inflicted on her—the father suing on this latter for the use and benefit of the child—separate amounts being alleged as to

each cause of action, the wife of the plaintiff and mother of the child is competent to testify in substantiation of the claim asserted on behalf of the child, but not as to that asserted on behalf of the husband, or the community.

*R. L. Tullis, Bernard Titche, Boatner & Dodds* for the Petitioner.

Respondent judges *pro se*.

Submitted on briefs June 3, 1899.
Opinion handed down June 19, 1899.

The opinion of the court was delivered by

BLANCHARD, J.  The applicant for the writ of review complains of the action of the Court of Appeals in refusing to consider at all the testimony of his wife, who had been called as a witness to testify and did testify in this cause in the District Court.

Her competency as a witness had been challenged by the defense and a bill of exception taken to the ruling of the trial judge receiving her evidence.

From an adverse verdict of the jury in the District Court and judgment founded thereon, plaintiff prosecuted an appeal to the Court of Appeals.  There the case turned entirely upon the admissibility *vel non* of the wife's testimony.

Counsel for the defense stated to the court that while they were of the opinion the wife was incompetent to testify in the case, they did not care to press the point in the Court of Appeals, and were willing for her testimony to be considered and the case determined upon its merits.

But the judges of the Court of Appeals, considering that the prohibition of the law against the wife testifying for or against her husband, is one founded in motives of public policy and can not be waived, proceeded to an examination of the question touching its applicability to a suit of this nature and in the light of the jurisprudence of the State, and reached the concluson that the objection to the wife's testimony should have been sustained below.

Since the wife was the only witness to certain salient facts, they further concluded that the exclusion of her testimony left plaintiff's case without support and that the judgment should have been one of non-suit.

Accordingly, they amended the judgment appealed from so as to make it one of non-suit and as thus amended affirmed it.

Whereupon, plaintiff applied to this court for its writ of review and in his application, as reason for the writ, sets forth that the action of the Honorable Court of Appeals in denying all consideration of his wife's testimony, and holding her absolutely incompetent as a witness in a case like the present one, is in direct conflict with the ruling of this court in Lapleine vs. R. R. Co., 40 La. Ann. 661.

On the showing made, and in view of the authority cited, the writ issued and the question upon which the case went off in the Court of Appeals is now before us.

An examination of the petition filed in the District Court shows that the action is brought by Franke Watson in his own behalf and for the benefit of his minor child. The language of the petition is "appearing herein in his own behalf and for the use and benefit of his minor child, Frances Watson."

The suit is one for $2000. It is predicated upon an alleged tort, of defendants (a firm of druggists) in selling a certain cough elixir of their own manufacture and advertised as a remedy for colds, a bottle of which was purchased by plaintiff or his wife and a dose thereof, according to directions, administered by the wife to their minor child, a little girl about two years of age, who was suffering with a cold, which medicine, it is averred, caused great injury to the child, making her seriously ill, endangering for a long time her life, confining her to bed for weeks, affecting disastrously her eye-sight, etc. The charge is that the medicine was harmful, that it had been unskillfully and negligently put up, contained a large proportion of morphine, or other noxious drug, and was especially dangerous to a child of tender years.

The suit is for medical services, medicine, and other expenses of the child's illness, estimated at $200; for the suffering of the child as set forth in the petition, $1200; and for his own and his wife's anxiety, mental suffering, loss of rest, etc., caused by the child's illness, $600,—aggregating $2000.

In his ruling admitting the wife to testify in the case, the District Judge confined her evidence, in its effect, to that part of the claim which is for the use and benefit of the child. He held, in effect, that the husband brought the suit in two capacities—one as head and master of the community for that part of the claim ($200) repre-

senting medical services, medicine, and other expenses of the child's illness, and for that part of it ($600) representing the compensation demanded for the anxiety of himself and wife, loss of rest and mental suffering occasioned by their offspring's long and serious illness; the other, as father of the child, for that part of the claim ($1200) representing the damages claimed on account of its sufferings.

As to that part of the liability asserted against defendants pertaining to the community—constituting an asset of the community—the judge ruled the wife was incompetent to testify.

As to that part of the liability for which defendants are sought to be held, pertaining to the child and claimed for its use and benefit, he ruled the wife was competent to testify.

The Judges of the Court of Appeals took a different view, holding that, as the action is brought, the petition drawn, it must be considered the suit of Franke Watson individually, and being such, his wife could not, under the prohibition of the law (C. C. 2281), be a witness for or against him.

They admit the force of the authority of Lapleine vs. R. R. Co., *supra*, but differentiate the way the suit there was brought from the way the one here is brought, and because of this difference, did not think the case cited applied.

They made an examination of the original record in the Lapleine case in order to ascertain how clearly the fact that the suit was the child's and not the father's, appeared, and to trace similarity, if possible, between the petition in that case and the one in this. "We find," they say, "the Lapleine case to be a 'clear cut' and well defined suit of the child and *for* the child, and for damages inflicted *on* the child alone."

"It is not," they continue, "cumulated with any cause of action enuring to the benefit *solely* of some one other than the child, nor is there any misjoinder of plaintiffs—one thereof having a cause of action separate and distinct from the *child's* cause of action, though springing from the same source of responsibility. In other words, there is in the petition in that case no appearance of the father in his individual capacity; nor is any claim set up as being due him individually, or as head of the community, for any damage due to him or to his wife, or for *any* cause whatever; nor does he claim that *he* is entitled to any damages by reason of the injuries inflicted on the minor child."

In the Lapleine case, they further point out, the plaintiff appeared alone in his capacity as father of the child and for her separate use, benefit and advantage, and the allegation of liability was that the defendant railroad company is *indebted to the child,* who was injured, in the whole sum claimed. Also that the prayer was "that he, for the use and benefit of said minor child, have judgment, etc."

The case at bar, they say, is solely the suit of Watson in which he alleges *he* is entitled to recover the different items of damage specified in the petition and for which he prays judgment in *his* favor, and that the basis of his claim therefor—his cause of action—is the alleged injury inflicted on his minor child through the taking of the cough elixir.

While the judges admit that Watson's petition begins by declaring he sues in his own behalf and for the use and benefit of his child, they think this is weakened and rendered ineffective by the absence from the *body* of the petition of any allegation referring to any claim *by* the child, or *for the use and benefit of the child,* and they point out that the prayer of the petition is that judgment be rendered in "petitioner's favor," for the whole amount claimed.

Holding in high appreciation the ability, learning and thoroughness of our brothers of the Court of Appeals, we are nevertheless constrained to differ from them in the view they take of the question under consideration.

While admitting the force of the reasoning by which their differentiation of the case of Lapleine from the case at bar is sustained, we yet think the claim on behalf of the minor, Frances Watson, for her use and benefit, is set out in the petition with sufficient exactness and precision to warrant the ruling made by the District Judge with regard to the testimony of Mrs. Watson. It suffices, we think, that the plaintiff begins his declaration with the statement that he appears in his own behalf and for the use and benefit of his child, and it is a little too technical to hold he should repeat at every convenient opportunity throughout the petition that he sues in part for her.

In the paragraph preceding the prayer, he subdivides the two thousand dollars claimed in such way as to show that $800 of the amount represents the expenses he incurred by reason of the child's illness, and the anxiety and mental suffering he and his wife endured in consequence thereof, and the other $1200 represents the suffering inflicted on the child. Construing this paragraph in the light of the declara-

tion at the beginning of the petition.that he sues in his own behalf and for the use and benefit of the child, the conclusion is unavoidable the $800 stands for the cause of action that resides in himself and for which he sues in his individual capacity as representing the community, and the $1200 stands for the cause of action residing in the child and on which he sues as the father and representative of the child for her use and benefit.

Having made this sufficiently clear in the caption and body of the petition, it serves to interpret the prayer with which the petition concludes and shows its meaning to be that when the petitioner asks for judgment in the sum of $2000, it is in the dual capacities in which he appears and for the proportionate amount respectively appertaining to each capacity. State ex rel Levert vs. Lapeyrollerie, 38 La. Ann. 913.

While, therefore, the prohibition of the law hereinbefore referred to prevented Mrs. Watson from appearing as a witness in substantiation of the $800 claimed by the husband in his own behalf, there is no rule of law or evidence which excludes her as a witness in support of the cause of action residing in her child and represented by the $1200 which the father sues for on its account. Lapleine vs. R. R. Co. 40 La. Ann. 661.

For these reasons, it is ordered that the judgment of the Honorable Court of Appeals herein be set aside, and that the case be remanded to the said court with instructions to proceed with the trial and determination of the same on its merits, giving such consideration and weight to the testimony of Mrs. Franke Watson as it may be entitled to, and not taking into account the objection made to the admissibility thereof, nor the reasons advanced for its exclusion, so far as the claim sued for on behalf of the minor Frances Watson is concerned.