116 So.2d 733 (1959)
Ernest L. HAZLETON, Plaintiff-Appellant,
v.
William WATSON and Alistate Insurance Company, Defendant-Appellee.
No. 9138.
Court of Appeal of Louisiana, Second Circuit.
December 22, 1959.
*734 Vincent Hazleton, Alexandria, for appellant.
Gold, Hall & Skye, Alexandria, for appellee.
HARDY, Judge.
This is a suit for damages resulting from an automobile accident, and plaintiff appeals from a judgment rejecting his demands.
The accident occurred near the hour of 8:00 o'clock P.M., about "dusk-dark", on July 3, 1958, at a fishing camp on Iatt Lake in Grant Parish. Both plaintiff and the defendant, Watson, were members of parties on holiday outing, and their respective automobiles, just prior to the accident, were parked at or near the cabins which they occupied. The parties involved in the accident, together with some of their friends, had decided to drive down the road bordering the lake to another cabin located a very short distance away. Plaintiff's station wagon was headed in toward the front of his cabin and defendant Watson's sedan was parked across a narrow road headed, at somewhat of an angle, in the opposite direction, with a space of some 20 to 25 feet between the rear ends of the two automobiles. Watson took his place in the driver's position of his car, turned on the lights, started the motor and opened the left front door as he began to back from the position occupied by the car, in order to make a necessary turn in the direction of the cabin to which the parties were going. At this time the turtleback lid of the luggage compartment of Watson's car was raised, effectively blocking his vision to the rear and obviously constituting an unnecessary and preventable hazard to his safe operation of the automobile. Plaintiff, Hazleton, who was accompanied *735 by Misses Elois McCullough and Dorothy Cruse, seated on the front seat of the station wagon, walked to the rear of the vehicle for the purpose of removing a carton of soft drinks. In order to reach the carton plaintiff placed his right foot upon the rear bumper and reached into the back of the station wagon in such manner that the upper part of his body was inside the vehicle. While plaintiff was in this position, the defendant, Watson, backed his automobile, with visibility to the rear completely obscured, turned his car in such a direction that the rear thereof struck plaintiff, causing injuries to his left leg, for which recovery in damages is sought.
The district judge stated in his written opinion that he had experienced no difficulty in reaching the conclusion that Watson was patently negligent. With this conclusion we are in complete accord, and consider the said defendant's negligence to be of such obvious nature as to obviate the necessity for discussion.
The principal question which is tendered by this appeal involves the issue of contributory negligence, vel non, on the part of plaintiff. This was the same issue which was given thorough consideration by the district judge and resolved against plaintiff upon the authority of Cotten v. Butler, La.App., 39 So.2d 914, and Veal v. Employers Liability Assurance Corporation, La.App., 108 So.2d 242. The factual findings of the trial judge, which indicated to him that this case should fall under the doctrine of the above-cited cases, were to the effect that this plaintiff knew it would be necessary for defendant to turn his car around; that in making such turn the defendant "might" back his car in the direction of plaintiff's station wagon; that plaintiff was aware of the fact that the trunk lid of Watson's car was raised and effectively blocked the driver's view to the rear, and that despite these circumstances plaintiff left a place of safety beside his vehicle without waiting to observe the anticipated movement of the Watson vehicle, went to the rear of his station wagon, turned his back to the Watson car and placed his head inside the rear end of his own vehicle. The court further observed that while in this position of danger, plaintiff heard the starting of the motor of the Watson car, observed that the lights were on, despite which he remained entirely indifferent to the movement of the Watson automobile.
It must be conceded that the above recital of facts, taken by themselves, would indicate a thoroughly tenable foundation upon which to predicate a finding of contributory negligence. However, careful examination of the record has persuaded us that certain facts which might justify an entirely opposite conclusion must be taken into consideration. Conceding plaintiff's knowledge of the above circumstances, it is nonetheless clearly established by the uncontradicted testimony of the witnesses in this case that Watson had more than sufficient room in which to turn his car without striking plaintiff's vehicle. The conclusion is fully justified that Watson's grossly negligent operation of his car would have resulted in contact with the rear end of plaintiff's station wagon. We think it is also abundantly established that Watson had several alternative movements which would readily have avoided the collision, and we cannot consider that plaintiff, by any rule of law or reason, was required to anticipate the fact that Watson would carelessly, negligently and unnecessarily move his car in the only course which represented danger to plaintiff.
We think it pertinent to point out that actions which, retrospectively viewed, appear to constitute contributory negligence, do not always reflect a true picture when considered in the light of actions taken before the occurrence.
We think the facts of both the Cotten and Veal cases, cited supra, are readily distinguishable from those of the instant action. The findings of negligence in the cited cases were based upon an actual and *736 apparent condition of imminent danger existing at the moment of the occurrence of the accident. In the case before us, the danger did not exist and, indeed, there was no reasonable basis for anticipating its development.
For the reasons stated we are firmly convinced that the finding of negligence as against the plaintiff constitutes manifest error.
Proceeding to a consideration of quantum, it is noted that plaintiff's injuries consisted of a serious sprain of the left ankle and a fracture of the upper end or neck of the left fibula. While it is contended that plaintiff's injury aggravated a pre-existing herniated intervertebral disc, we do not think the testimony supports such a contention.
Plaintiff's injuries, according to the preponderance of the medical testimony, were healed within a period of some four months, more or less, following the accident. However, it is evident that plaintiff continued to suffer pain for an additional period of several months. It is our opinion than an award of $1,500 should represent adequate compensation for plaintiff's pain and suffering. Additionally, plaintiff is entitled to recover the amount of $60 as medical expenses.
While plaintiff contends, and his counsel earnestly argues, that he suffered a substantial loss of earnings as the result of the injuries received in the accident under consideration, we do not find that the right to such recovery has been established.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
It is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Ernest L. Hazleton, and against the defendants, William Watson and Allstate Insurance Company, in solido, in the full sum of $1,560, with interest thereon at the legal rate from date of judicial demand until paid, together with all costs.