146 So.2d 426 (1962)
Alton RACHAL, Plaintiff-Appellee,
v.
BANKERS & SHIPPERS INSURANCE COMPANY, Defendant-Appellant.
No. 644.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1962.
Rehearings Denied November 28, 1962.
Certiorari Denied January 14, 1963.
Gahagan & Gahagan, by Russell E. Gahagan, Natchitoches, for defendant-appellant.
Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
The plaintiff Rachal was injured in a motor vehicle collision. Rachal was driving his Ford and overtaking to pass a Chevrolet driven by Earl Racine, when Racine turned left across his path. By this suit, *427 the plaintiff Rachal seeks damages from Racine's liability insurer.
The defendant insurer appeals from judgment awarding damages to the plaintiff. The plaintiff answers the appeal and prays for an increase in the award.
Without detailed discussion of the facts, we will simply state that we find no error in the trial court's conclusion that the sole proximate cause of the accident was the negligence of Racine, the defendant's insured, in making an unsignalled left turn across Rachal's path as the latter was in the process of lawfully passing him at an unmarked gravelled side-road. Davis v. Southern Farm Bureau Cas. Ins. Co., La. App. 3 Cir., 134 So.2d 366; Sonnier v. Great American Insurance Co., La.App. 3 Cir., 134 So.2d 363; Sheridan v. Deshotel, La.App. 1 Cir., 121 So.2d 305; Babineaux v. Sims, La.App. 1 Cir., 111 So.2d 848; Dukes v. Kirkwood, La.App. 1 Cir., 105 So.2d 318; Brown & Williamson Tobacco Corp. v. Baumgardner, La.App. 1 Cir., 92 So.2d 107; King v. Willis, La.App.Orl., 75 So.2d 37.
In seeking reversal, able counsel for the defendant-appellant chiefly urges that Rachal was contributorily negligent in attempting to pass at the time, because allegedly Racine, driving the preceding vehicle, had previously turned on his left-turn signal light.
The trial court found as a fact, however, that this left-turn blinking indicator had not been turned on or was not in working order at the time of the attempted turn by Racine. This finding was based upon the positive testimony of four witnesses to such effect and also upon the testimony of the investigating state trooper and another police officer that Racine's left-turn indicator was not in working order. (It had not been damaged by the accident.)
We find no error in the factual finding by the trial court, nor in its favorable evaluation of the credibility of the plaintiff's witnesses and in its unfavorable evaluation of the credibility of the defendant's witnesses to the contrary. Evaluation of credibility of witnesses is primarily the function of the trial court; such evaluation will be accepted as correct by the reviewing court, in the absence of manifest error. Sill v. Clanton Electric Co., 236 La. 705, 109 So. 2d 64; Fouquier v. Fouquier, 231 La. 430, 91 So.2d 591.
As to damages:
The trial court awarded the plaintiff a total of $3,168, being: $2,000.00 for his personal injuries; $104.30 medical expenses; and $1,063.70 for his automobile damages. The plaintiff prays for an increase in the first and second items.
As a result of the accident the plaintiff Rachal suffered certain cuts and bruises to his mouth and face, which healed without residual. He also lost several teeth from the left side of his mouthhow many, is a factual dispute of this case.
When examined by two dentists after the accident, the plaintiff was found to have nine of the ten teeth on the left side of his mouth missing. Although the plaintiff claimed to have lost all of these in the accident, we find no manifest error in the trial court's factual finding that Rachal did not prove that he lost more than three teeth in the accident. (The trial court reached this conclusion because of certain contradictions in Rachal's testimony, and because of the positive testimony of the dentist testifying for the defendant that only three teeth were lost in the accident.)
If this were the sole proximate consequence of the personal injuries received in the accident, the trial court's award of $2,000 is in line with awards for similar injuries. McInnis v. Terry, La.App. 1 Cir., 121 So.2d 329; Martin v. Bruchhaus, La. App. 1 Cir., 74 So.2d 316.
The basis for the plaintiff-appellee's request for an increase in the award, however, is the circumstance that, according to the uncontradicted medical testimony, it is not practical to replace the three *428 missing teeth with partial dentures, since there are no other teeth on the left side to which to anchor these dentures. Therefore, according to such testimony, it will be advisable to extract all the remaining teeth in the plaintiff's mouth and to supply the plaintiff with full dentures.
We think that the plaintiff is entitled to recover for this additional medical expense and the additional pain, suffering, and discomfort to be endured by reason of the extraction of the remainder of his teeth and by reason of his being required to wear full dentures. However, in making such award, we will take into consideration the poor condition of the plaintiff's teeth prior to the accident.
A tortfeasor must take his victim as he finds him. The tortfeasor is responsible for all the natural and responsible consequences of his wrong, even though the consequences of the tort are made much more serious or harmful by reason of a pre-existing physical defect or weakness of the injured person.
See: Shaffer v. Southern Bell Tel. & Tel. Co., 184 La. 158, 165 So. 651; Humphries v. Delta Fire & Cas. Co., La.App. 1 Cir., 116 So.2d 130; Warren v. Fidelity Mut. Ins. Co., La.App. 1 Cir., 99 So.2d 382; Trascher v. Eagle Indemnity Co., La.App. Orl., 48 So.2d 695. See also: 25 C.J.S. Damages, §§ 18, 21, 25, pp. 472, 479, 487.
In Fruge v. Hub City Iron Works, La. App. 3 Cir., 131 So.2d 593, certiorari denied, and in Macaluso v. Schill-Wolfson, Inc., La.App.Orl., 56 So.2d 429, under circumstances similar to the present it was held that the removal of all the teeth in order to supply full dentures was a proximate consequence of the accident; even though only a few teeth were knocked out by the accident itself, nevertheless a preexisting loss of teeth made full rather than partial dentures necessary. Although these were workmen's compensation cases, we think the same principle is applicable in a tort suit.
We hold, therefore, that the necessity for full dentures was a natural and probable consequence of the accident, for which the tortfeasor is liable.
The undisputed cost of supplying full dentures will be $390. Additionally, under the circumstances reflected by this record (including the poor condition of the plaintiff's mouth prior to the accident), the plaintiff's award for his personal injuries should be increased from two to three thousand dollars for the additional pain, suffering, and discomfort to be occasioned, i. e., a net additional award of $1,000 for the plaintiff's personal injuries.
For the foregoing reasons, the judgment of the trial court is amended to increase the award in favor of the plaintiff by an additional amount of One Thousand Three Hundred Ninety ($1,390.00) Dollars; as thus amended, the trial court judgment is affirmed.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.