155 So.2d 51 (1963)
Shepard WILLIAMS, Plaintiff-Appellee,
v.
Dale Albert REINHART et al., Defendant-Appellants.
No. 5906.
Court of Appeal of Louisiana, First Circuit.
July 1, 1963.
Durrett, Hardin, Hunter, Dameron & Fritchie, by Calvin E. Hardin, Jr., Baton Rouge, for appellants.
J. St. Clair Favrot, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY, and REID, JJ.
*52 REID, Judge.
Plaintiff, Shepard Williams, filed this suit for injuries sustained in an automobile accident which occurred in the Town of Bunkie, Louisiana on June 25, 1961. The defendants are Dale Albert Reinhart, Melvin Boswell, and Transport Insurance Co. Inc., owner, the driver, and insurer, respectively of a 1954 GMC truck which ran into the rear of a vehicle stopped in response to a traffic signal light in the City of Bunkie, in which plaintiff was a passenger.
The Lower Court awarded plaintiff $4000.00, plus $479.00 medical expenses with legal interest from judicial demand and costs. From this judgment defendants appeal herein.
Fault and resultant liability of the defendants is not contested, and the only question before this Court is the correctness of the Trial Court's determination of quantum.
The plaintiff is a 55 year old colored male who received moderately severe injuries of the cervical region and moderate injuries in the lumbo-sacral region of the spine. Additionally, two of plaintiff's six lower teeth were broken and one was cracked and as a result all six of plaintiff's lower front teeth had to be extracted necessitating lower dentures. At the time of the accident the plaintiff had worn upper dentures for approximately 18 years and was wearing a partial lower bridge. The plaintiff's upper dental plate was broken in the accident and his lips were cut.
Dr. W. J. Fontenot, Baton Rouge Dentist, testified the loss of the two lower teeth necessitated the removal of the other teeth because the remaining teeth would not be sufficient to anchor a partial bridge.
Dr. A. K. Fleet, Baton Rouge Physician, stated the injuries received by the plaintiff were of a painful nature and although no permanent injuries were sustained plaintiff was under his care for three weeks.
The Trial Court allowed recovery for the full dental bill, which bill included the extraction of the three injured teeth, and the making of the lower dentures, in the total amount of $335.00. The defendants contend since the plaintiff only had six remaining teeth at the time of the accident he would have had to obtain a set of lower dentures sooner or later anyway, therefore only one-half of the dental bill should be allowed. This position is untenable. Not only is the record devoid of any evidence which would indicate plaintiff would have to have a lower denture in the near future had it not been for this accident, the fact remains the accident was the cause of having the teeth extracted and dentures made at that particular time.
The duty of care and of abstaining from injuring another is due to the weak, the sick, the infirm, equally with the healthy and the strong, and when that duty is violated the measure of damages is the injury inflicted, even though that injury might have been aggravated or might not have happened at all, but for the peculiar physical condition of the person injured. See Lapleine v. Morgan's Louisiana & Texas R. & S. S. Co., 40 La.Ann. 661, 4 So. 875, 1 L.R.A. 378; Walker v. Joseph P. Geddes Funeral Service, Inc., La.App., 33 So.2d 570; Brooks v. Airline Motor Coaches, Inc., La.App., 35 So.2d 786; Trascher v. Eagle Indemnity Company of New York et al., La.App., 48 So.2d 695; Payton v. Great American Indemnity Co. et al., La.App., 83 So.2d 575.
The award of the Trial Court for the injuries above described of $4000.00 is neither inadequate nor excessive. In this connection see Rachal v. Bankers & Shippers Insurance Company, 146 So.2d 426, in which the Court of Appeal, Third Circuit, awarded $3000.00 for pain and suffering in a case very similar to this one. Additionally, the Court in the Rachal case allowed recovery of the full sum required to obtain the new dentures. See *53 also Martin v. Bruchhaus, La.App., 74 So. 2d 316; McInnis v. Terry, La.App., 121 So.2d 329; LeBlanc v. Southern Farm Bureau Casualty Insurance Company, La. App., 104 So.2d 279; Downs v. Hartford Accident and Indemnity Co., La.App., 116 So.2d 712.
For the above reasons the decision of the Trial Court is affirmed.
Affirmed.