LANDRY, Judge.
This appeal by plaintiff, Daisy Primas Smith, presents for resolution the alleged inadequacy of damages awarded petitioner for personal injuries sustained while riding as a guest passenger in the automobile of her employer, Mrs. Edna S. Harelson, the insured of defendant State Farm Mutual Automobile Insurance Company. Appellant additionally complains of the trial court’s rejection of her demands against certain other hereinafter named defendants, but this issue cannot be considered by us at this juncture for reasons subsequently set forth.
The present suit and a companion case, consolidated for trial below, arose out of a three vehicle traffic accident which occurred on a state highway known as the “Old Hammond Highway” in the Parish of East Baton Rouge, on February 13, 1964.
The brief filed herein by the attorney for defendants, Willie Ross, Jr. and New York Fire & Marine Underwriters, Inc., suggests a third party petition was filed on behalf -of defendant, State Farm Mutual Automobile Insurance Company against Ross and his said insurer and that said third party demand was rejected by the trial court. Examination of the transcript, however, fails to disclose either such a third party petition or any reference thereto in the record.
The accident in question occurred as the three vehicles concerned were traveling in the same direction. The automobile first in line was a Ford owned and being operated by Willie Ross, Jr., the insured of New York Fire & Marine Undérwriters, Inc. The second vehicle, a pickup truck, belonged to Petrochem Maintenance, Inc., the insured of Plome Indemnity Company, and was being driven by said owner’s employee, John M. Langlois. Following the pickup truck was the Oldsmobile occupied by plaintiff and being operated by her aforesaid employer.
The evidence reflects that the Ross vehicle either stopped or slowed its speed due to the presence of a fourth and unidentified car which had either stopped on the highway or was traveling at a very slow rate of speed. Langlois observing the pickup truck brought his vehicle to a virtual halt and was struck from behind by Mrs. Harelson’s automobile and propelled forward into the rear of the Ross vehicle. In the collision, plaintiff, who occupied the front seat of the Oldsmobile, was thrown forward violently striking her face and mouth on the dashboard as' a result of which trauma she sustained the injuries hereinafter enumerated. The unidentified motorist drove away following the collision.
Plaintiff’s petition names as defendants the three aforesaid owners, drivers and their respective insurers. After trial on the. *743 merits, our esteemed brother below rendered judgment in favor of plaintiff and against defendants, Edna S. Harelson and State Farm Mutual Automobile Insurance Company, in solida, in the sum of $1,250.00, which included damages for personal injuries and medical expense, together with interest and costs.
On appeal, learned counsel for appellant makes two contentions, namely, that the trial court erred in rejecting plaintiff’s demands against Langlois, his employer and said employer’s insurer and that the court below also erred in awarding appellant inadequate damages for her personal injuries.
We find no merit in appellant’s contention the trial court erred in rejecting her demands against Langlois, his employer and the insurer of the vehicle he was driving.
For purposes of the present appeal, it suffices to relate that the record shows the accident in question occurred during a morning daylight hoür on a two lane hard surfaced highway which was slightly wet from a light rain. Ross, who was driving his vehicle at a comparatively slow rate of speed, brought his car to a virtual halt in the right hand lane when he came upon another vehicle either stopped or proceeding very slowly in his lane of travel. According to Ross, the driver of the vehicle ahead was in the act of putting a dog out of his automobile or was somehow concerned with a canine observed in the left traffic lane opposite the unidentified vehicle. The evidence preponderates clearly in favor of the conclusion that Ross brought his vehicle to a stop behind the aforementioned unidentified automobile. Langlois, proceeding behind Ross at a speed of approximately 25 miles per hour, topped a slight hill, noted the presence of Ross’ automobile, lightly applied his brakes and brought his car to a halt in its proper lane of travel. Mrs. Harelson, following Lang-lois, was unable to stop and ran into the rear of the pickup truck driven by Lang-lois.
We are in complete agreement with the finding of our esteemed brother below that Langlois was free of negligence proximately causing the accident. Langlois was driving at a moderate and reasonable rate of speed in his proper lane of travel and keeping a proper lookout as evidenced by the fact that he duly noted the presence of the Ross vehicle ahead. The evidence is pre-ponderately to the effect that upon noting the vehicle ahead either stopped or traveling slowly in his lane of travel, Langlois lightly applied his brakes and brought his vehicle to a halt without incident. While there is some testimony tending to indicate Langlois’ vehicle was moving slowly when struck by the Harelson automobile, such event, if true, is of no moment. In this regard, Langlois’ testimony it to the effect that while he came to a stop he may have been moving forward very slowly at the time his automobile was struck from the rear. He further testified that while stopped he observed the oncoming Harelson ve-' hide and was aware of the impending collision but could do nothing except brace himself for the inevitable impact. Under such circumstances, we find no negligence on the part of defendant Langlois. His freedom from negligence absolves not only him but his employer and insurer likewise.
Adverting to appellant’s contention the award of the trial court was inadequate, it appears that immediately following the accident, appellant refused the services of an ambulance. Because she was obviously injured about the mouth, appellant was taken by her employer to Dr. Lawrence Joseph Duvieilh, a dentist.
Appellant concedes that prior to the accident she had no upper teeth and of her lower teeth only eight remained.
Dr. Duvieilh testified his examination disclosed plaintiff sustained a laceration of the lower lip on the right side and laceration of the upper gum. On the left lower lip plaintiff was found to have a laceration which communicated with her oral cavity. Dr. Duvieilh also found plaintiff lost two *744 teeth — the lower left lateral incisor and the lower left cuspid. Bleeding noted by Dr. Duvieilh was found to result primarily from the tooth sockets, it being noted that little bleeding was caused by the aforementioned lacerations. X-ray examination disclosed that the cuspid root tip, constituting approximately one-fourth of the tooth, remained in the jaw. There appeared no serious jaw fracture but some fragments of fractured interdental bone were noted and thought to have resulted from the traumatic loss of the two teeth above mentioned and from injury to plaintiff’s remaining teeth. Dr. Duvieilh surgically removed the remaining cuspid root tip and bony fragments and extracted appellant’s six remaining teeth because the interdental bone fractures left them extremely loose. He de-brided the wounds, sutured the lacerations employing a total of 9 stitches, administered an injection of penicillin and referred appellant to a physician for examination and treatment of facial wounds.
Dr. Duvieilh found that all of plaintiff’s upper and all but eight of her lower teeth had been extracted approximately four to five months prior to the accident. He also noted the eight remaining teeth plaintiff possessed prior to the accident were loose before the mishap because of bone loss and gum recession. He could not, however, determine the precise condition of plaintiff’s teeth before the accident as he had not previously examined appellant. One week following the accident, Dr. Duvieilh removed the sutures. In March, 1964, he performed minor surgery to remove two bony projections in the lower jaw, unrelated to the accident, preparatory to fitting plaintiff with dentures. Two visits in May and one in June sufficed for taking impressions, fitting the dentures and making certain adjustments, following which plaintiff was discharged.
The dentist who had been treating appellant before the accident was not called to testify regarding the prior condition of her teeth. Plaintiff, however, testified she was in the process of having her teeth pulled one at a time as they became a source of discomfort. She further stated she intended to have them all removed and had a “standing appointment” to have teeth extracted at her option and convenience.
Four days following the accident plaintiff was seen by Dr. Lloyd G. Perez. Examination disclosed plaintiff received minor facial cuts and abrasions principally in the area of the chin. In addition, plaintiff complained of pain in the chest, right arm, right breast, lower back and knees. Dr. Perez saw plaintiff again on March 3, May 11, May 26, and finally on December 28, 1964. He was unable to find any objective signs of injury and X-rays proved negative as to fracture. Finding no muscle spasm or other objective symptoms, Dr. Perez prescribed only a mild analgesic. The final visit to Dr. Perez was made at the suggestion of plaintiff’s attorney. On this occasion Dr. Perez, noting that appellant’s complaints were essentially the same as before, did not examine her but reiterated his prior recommendation she consult an orthopedist.
Plaintiff was also seen by Dr. James W. Lorio, general practitioner, on June 22, 1964 and January 4, 1965. Dr. Lorio found no objective symptoms. Predicated on appellant’s subjective complaints and her age, 48 years, Dr. Lorio diagnosed her difficulties as possible osteoarthritis in its incipient stages. In Dr. Lorio’s opinion it was possible the trauma aggravated a preexisting osteoarthritis and it was his view that plaintiff’s subjective complaints ofpain raised the “suspicion of such a possibility.” He explained that osteoarthritis is a degenerative disease which develops gradually over a period of years and can be aggravated by trauma. However, the sole basis for his diagnosis was plaintiff’s statement of her condition and her subjective complaints of pain.
To recover damages for aggravation of a pre-existing condition, plaintiff bears the burden of proof. Plaintiff’s nar *745 ration of complaints is insufficient of itself to establish the existence of injury. Owens v. F. H. McGraw and Company, La.App., 172 So.2d 161. Neither of the physicians who testified as expert witnesses herein were able to testify with that reasonable degree of certainty required by law that plaintiff was suffering from an aggravation of a pre-existing arthritic condition. In substance Dr. Lorio testified that if his patient complained of pain he would administer treatment despite an absence of objective symptoms. He further stated, he did not treat plaintiff as he understood she was under treatment by Dr. Perez. We note the testimony of Dr. Perez makes no reference whatsoever to possible aggravation of a pre-existing arthritic condition. In essence the testimony of Dr. Lorio is to the effect it is possible that such an aggravation resulted. The establishment of a mere possibility of aggravation is not sufficient. Plaintiff must establish his claim by a preponderance of evidence. Hazleton v. Watson, La.App., 116 So.2d 733.
We conclude our learned brother below was justified in finding there was no aggravation of a pre-existing condition in the case at bar and that he correctly declined to award damages for such alleged injuries.
The question of quantum raised by appellant with respect to her injuries presents two issues for solution. First, whether defendants are liable for the removal of plaintiffs six remaining teeth, and second, what effect upon quantum should be attributed to the circumstances that plaintiff’s teeth, in the opinion of expert witnesses, were in such poor condition prior to the accident their removal was indicated?
Defendants maintain that since plaintiff’s teeth needed removal because of their loose condition, the award herein should be limited to damages based solely upon the two teeth actually lost as a result of the trauma incident to the accident.
While the record reflects beyond question that appellant would in fact lose her remaining teeth because of their poor condition, it further appears from the un-contradicted testimony of Dr. Duvieilh that the fracture of interdental bone resulting from the accident, superimposed upon loose teeth resulting from natural bone loss and gum recession, necessitated the immediate removal of appellant’s six remaining teeth. Conceding plaintiff was in the process of having her teeth extracted one at a time, the injury resulting from the accident caused the emergency removal of all remaining teeth at one time. This was an eventuality imposed upon appellant as the result of defendant’s negligence — a circumstance which plaintiff did not contemplate and one which, we are sure, was the cause of considerable pain as testified by Dr. Duvieilh.
Apropos the case at bar is the following principle of law restated in the similar case of Williams v. Reinhart, La.App., 155 So. 2d 51:
“The duty of care and of abstaining from injuring another is due to the weak, the sick, the infirm, equally with the healthy and the strong, and when that duty is violated the measure of damages is the injury inflicted, even though that injury might have been aggravated or might not have happened at all, but for the peculiar physical condition of the person injured. See Lapleine v. Morgan’s Louisiana & Texas R. & S. S. Co., 40 La.Ann. 661, 4 So. 875, 1 L.R.A. 378; Walker v. Joseph P. Geddes Funeral Service, Inc., La. App., 33 So.2d 570; Brooks v. Airline Motor Coaches, Inc., La.App., 35 So.2d 786; Trascher v. Eagle Indemnity Company of New York et al., La.App., 48 So.2d 695; Payton v. Great American Indemnity Co. et al., La.App., 83 So.2d 575.”
In view of the foregoing, we are not herein concerned with the issue of deciding *746 the value of two teeth, as was incorrectly held by our esteemed brother below. On the contrary, appellant is entitled to recovery predicated upon the loss of eight teeth.
With respect to the second issue, in making an award of damages for lost teeth, the court must take into consideration the poor condition of a claimant’s teeth prior to the accident. Rachal v. Bankers & Shippers Insurance Company, La.App., 146 So.2d 426.
In urging an increase in the award, learned counsel for appellant has cited numerous cases wherein loss of teeth was sustained. We have carefully considered each cited authority and find they concern injuries similar but not identical to those sustained by plaintiff herein.
For example, Williams v. Reinhart, La. App., 155 So.2d 51, and McCorquodale v. Watson, La.App., 170 So.2d 545, involve injuries more extensive than those suffered by the present plaintiff. We further note that in the quoted cases the awards allocate no specific amount to the loss of teeth.
In Nomey v. Great American Indemnity Company, La.App., 121 So.2d 763, plaintiff was awarded $1,000.00 for contusions, bruises and damage to the right incisor tooth. In Mogg v. Armstrong, La.App., 176 So.2d 463, damages were fixed in the sum of $5,000.00 for the loss of four teeth accompanied by a laceration of the mouth and several bruises and contusions. McInnis v. Terry, La.App., 121 So.2d 329, awarded damages in the sum of $2,400.00 plus $324.00 medical expense for cuts and lacerations of the upper and lower lips and the loss of three teeth. The loss of four teeth resulted in an award of $2,000.00 in Martin v. Bruchhaus, La.App., 74 So.2d 316. In Rachal v. Bankers & Shippers Insurance Company, La.App., 146 So.2d 426, the court, considering the poor condition of plaintiff’s teeth, allotted the sum of $3,-000.00 plus the cost of full dentures for cuts and bruises to the mouth and face and the loss of three teeth which necessitated the removal of an unspecified number of remaining teeth.
Considering the severity of the lacerations of plaintiff’s lips and gums, the traumatic loss of two teeth, the fracture of interdental bone necessitating the extraction of six additional teeth, the cuts and bruises about plaintiff’s face and the condition of her teeth prior to the accident, we conclude the award of $1,250.00 made by the trial court is inadequate and should be increased to the sum of $3,000.00.
Able counsel for appellant maintains the award of damages should include the itemized statement of Dr. Duvieilh in the aggregate of $493.00, which includes the cost of full upper and lower dentures supplied plaintiff. On the other hand, esteemed counsel for defendant contends recovery of special damages should be limited to the sum of $63.00 testified to by Dr. Duvieilh as being the amount of his fees and charges for treating the traumatic effects of the accident.
In Williams v. Reinhart, La.App., 155 So. 2d 51, we allowed recovery for a full lower denture when plaintiff’s six remaining lower teeth were extracted because of injuries received in an accident. We held therein, inter alia, that the accident was the cause of the loss of plaintiff’s teeth necessitating the fitting of dentures at that particular time. We believe the rule of the Williams case, supra, applicable to the case at bar insofar as concerns present plaintiff’s need for lower dentures. In the case at bar, however, plaintiff had lost all her upper teeth prior to the accident and defendants are in no wise responsible therefor. Under such circumstances, we believe appellant entitled to special damages in the sum of $63.00 representing the cost of treatment attributable to the accident and the further sum of $210.00 (one-half the cost of her upper and lower dentures) or the aggregate of $273.00.
Accordingly, the judgment of the trial court is amended in that the award in favor *747 of plaintiff-appellant is increased from $1,250.00 to the sum of $3,273.00 and, except as amended, the judgment of the trial court is affirmed. All costs to be paid by defendants-appellants, Mrs. Edna S. Harel-son and State Farm Mutual Automobile Insurance Company.
Amended and affirmed.