ELLIS, Judge:
This is a suit for damages arising out of an automobile accident, which occurred near Houma, Terrebonne Parish, Louisiana, on November 19, 1963, between a 1961 Chevrolet four door sedan, owned by Jeffrey J. Vauquelin, Jr., and operated by his wife, and a 1958 Ford station wagon owned by Sterling Callegan and operated by his wife. As a result of the accident, Mrs. Vauque-lin and her two children, Keith Vauquelin and Jeri Ann Vauquelin, suffered personal injuries, and Mr. Vauquelin incurred certain medical expenses.
At the conclusion of the trial, judgment was rendered in favor of Mr. Vauquelin on behalf of Keith Vauquelin for $50.00, on behalf of Jeri Ann Vauquelin for $250.00, and individually for $1438.43. Judgment was rendered in favor of Mrs. Vauquelin for $10,000.00. From the judgment, defendant, Lumbermens Mutual Casualty Company, Mr. Callegan’s insurer, prosecutes this appeal.
Since the only issues raised by the appeal are the extent of the injuries suffered by Mrs. Vauquelin in the accident, and the medical expenses incurred in connection therewith, it will not be necessary to consider the question of liability or the injuries incurred by the Vauquelin children.
After the accident, Mrs. Vauquelin was taken to Terrebonne General Hospital, where she was seen by Dr. H. L. Haydel. At that time, her complaints were of pain on her left side, stomach and leg, and general soreness. She testified that for the next eight days she continued to suffer pain and soreness in her abdomen. On November 28, 1963, the pain increased markedly and she was hospitalized. Dr. Haydel and his son Dr. Gerald Haydel diagnosed her condition as appendicitis and on November 29th, she was operated on by Dr. Gerald Haydel. He found her appendix to be healthy, but discovered an ovarian cyst, described as being 8 cm. by 10 cm., or about the size of an orange. He immediately called Dr. W. F. Bringaze, a gynecologist, who consulted with him on the remainder of the operation, which included the removal of the cyst. According to the testimony of the doctors, the cyst had ruptured and was leaking a chocolate colored fluid into the pelvic cavity. Mrs. Vauquelin’s recovery from the operation was apparently routine.
*305 After her discharge from the hospital, Mrs. Vauquelin went to stay with her mother for about two months. While there, she began to have difficulty with her left hip, and when she returned home to Houma, saw Dr. George C. Battalora, Jr., an orthopedic surgeon, about this condition. Dr. Battalora diagnosed the condition as tro-chanteric bursitis, and administered oral cortisone drugs, which were ineffective. He subsequently injected the area with a local anesthetic and cortisone, which gave complete relief. Mrs. Vauquelin was discharged on April 3, 1964. She returned to see Dr. Battalora on October 23, 1964, complaining of a recurrence of pain in her hip. Once again oral drugs were prescribed without effect and she returned on December 18, 1964, at which time another injection was given. Dr. Battalora did not see her subsequent to that time. He did relate the bursitis to the accident and found her complaint to be not severe, but constant.
Mrs. Vauquelin testified that the bursitis condition in her hip had restricted her activities. She testified that she was no longer able to water ski or ride horseback, and that she could no longer do much yard work. Apparently she was able to keep up with her housework. She testified that her hip gave her trouble intermittently, particularly when she over-exerted or when there was a change in the weather.
The trial court found that the rupture of the cyst was a result of the accident, and considered it as an item of damages in fixing the award to Mrs. Vauquelin. The medical expenses incurred in connection therewith were awarded to Mr. Vauquelin.
Appellant contends that the operation should not have been considered in fixing damages for two reasons: first, that the plaintiff did not prove the rupture, which immediately necessitated the operation, to have been caused by the accident; and second, that the operation would have been inevitable under any circumstances.
A review of the testimony of the physicians who testified makes it appear that the first contention is correct. Not one of them testified that the rupture was the result of the accident. Although all of them testified that it was possible, none would testify that it did result from the accident, or even that such a result was probable.
It also appears from the expert testimony that the type of cyst involved in this case, of necessity, must be removed, and that Mrs. Vauquelin would have needed the operation whether the accident happened or not.
The law in such a case is clear. As stated in the case of Smith v. New York Fire and Marine Underwriters, 182 So.2d 741 (La.App.1966):
“To recover damages for aggravation of a pre-existing condition, plaintiff bears the burden of proof. Plaintiff’s narration of complaints is insufficient of itself to establish the existence of injury. Owens v. F. H. McGraw and Company, La.App., 172 So.2d 161. Neither of the physicians who testified as expert witnesses herein were able to testify with that reasonable degree of certainty required by law that plaintiff was suffering from an aggravation of a pre-existing arthritic condition * * *. In essence the testimony of Dr. Lorio is to the effect it is possible that such an aggravation resulted. The establishment of a mere possibility of aggravation is not sufficient. Plaintiff must establish his claim by a preponderance of evidence. Hazleton v. Watson, La.App., 116 So.2d 733.”
Plaintiff has failed to bear the burden of proof required of her in showing a causal connection between the accident and the subsequent operation. We cannot consider this in assessing damages herein.
On the other hand, we find that she has established satisfactorily that the trochanteric bursitis occurred as a result of the accident. As pointed out above, prior to the accident Mrs. Vauquelin was an energetic twenty-eight year old woman, who enjoyed gardening, water skiing and horseback riding, and who was able to perform all of the normal duties of housework with *306 ■out discomfort. As a result of the injury to her hip, she is no longer able to pursue her former activities, and performs her domestic chores with some difficulty. It is likely that these restrictions of her activities will continue for some indefinite period of time in the future. Considering the history of the condition and the pain and suffering resulting therefrom, we find that an award of $4000.00 would adequately compensate her for same.
The award to Mr. Vauquelin must be reduced by deleting therefrom all expenses relating to the operation. These include surgical fees charged by the Drs. Haydel and Dr. Bringaze, totalling $460.00, hospital charges of $255.15, and a blood test charge of $8.00, totalling $738.15. These deductions leave an award for special damages of $700.28.
Accordingly, the judgment appealed from will be amended by reducing the award to Mrs. Vauquelin to the sum of $4000.00 and the award to Mr. Vauquelin individually to the sum of $700.28, and in all other respects will be affirmed. Costs of this appeal will be borne by appellees.
Amended and affirmed.