DOMENGEAUX, Judge.
This litigation arises out of a vehicular accident which occurred on September 18, 1965 about 2.6 miles east of the town of Cecilia, Louisiana, on Louisiana Highway 347. Plaintiff Corinne Stelly was a guest passenger in an automobile owned and driven by her son, defendant Felix Stelly, Jr., and insured by defendant New York Fire & Marine Underwriters, Inc. The Stelly vehicle was in the process of entering the highway from a private driveway when it was struck by an automobile being driven in a northerly direction on the said highway by the third defendant herein, Alvin Guidry. As a result of the collision Mrs. Stelly suffered a laceration of the scalp and one finger. Also, she alleges that a pre-existing condition of cervical spondy-losis which had been asymptomatic was made symptomatic by the accident.
Mrs. Stelly joined by her husband, Felix Stelly, Sr. as head and master of the community of acquets and gains existing between them, filed suit against her son, Felix Stelly, Jr., Alvin Guidry, and New York Fire & Marine Underwriters, Inc., the last as liability insurer of her son’s automobile, and uninsured motorist coverage carrier thereon since defendant Guidry was uninsured. Defendants Felix Stelly, *926 Jr. and New York Fire & Marine Underwriters, Inc. filed a third party claim against Alvin Guidry in the alternative, depending upon a finding by the court that the accident was caused by Guidry’s negligence. Following a trial on the merits, the lower court determined that the accident occurred solely as a result of the negligence of defendant Stelly, Jr., and rendered judgment against him and New York Fire & Marine Underwriters, Inc. in solido, for the amount of $500.00 plus costs, in favor of plaintiff Corinne Stelly and dismissed all other claims and third party claims involved in the lawsuit. That judgment was appealed by plaintiff Corinne Stelly seeking an increase in the award. No other appeal is made in the case, the issue of liability being specifically omitted, and we therefore concern ourselves only with the limited question of quantum in regard to plaintiff Corinne Stelly.
Mrs. Stelly bases her argument for an increase in the trial court’s award upon her contention that the accident aggravated her pre-existing condition of cervical spondy-losis. To support her contention, Mrs. Stelly relies primarily on the deposition of Dr. John B. Jackson, a New Orleans neurosurgeon who examined her some eight months after the accident, and again nearly four years later, on February 17, 1970. Dr. Jackson did, in fact, state that he felt that the automobile accident produced symptoms of cervical syondylosis that was present prior to the accident. Thus he did feel that an asymptomatic condition was made symptomatic. However he qualified this by stating that he was basing his opinion strictly on the history given him by plaintiff Mrs. Stelly. He testified: “Cervical spondylosis had to be present prior to the accident but if her testimony is correct, [emphasis supplied] then it became painful after the accident.” On cross examination, after being asked several questions regarding the probable course of Mrs. Stelly’s disease had the accident not taken place, the doctor was asked whether the accident itself made any difference as to the development of the condition. His answer was, “Well, I can’t say that the accident has changed the progress of this disease at all”. Dr. Jackson then, could not state as a medical conclusion that Mrs. Stelly’s condition was in any way worsened by the accident. He could only state that he “felt” it had been made symptomatic by the collision, and this based strictly on the history given' him by the plaintiff. The objective symptoms found by Dr. Jackson in examining Mrs. Stelly were limited to those consistent with her pre-existing condition of cervical spondylosis, and a line indicating an incompletely healed fracture of a rib without displacement of the fragments. However, it is not contended that the rib fracture was a result of the accident.
The only other medical evidence produced by plaintiff was the medical report of Dr. Louis J. Weinstein who examined plaintiff some four weeks after the accident. She complained to him of pain in the right shoulder, right parietal region, and generalized contusions, but his physical examination was essentially negative. The doctor gave Mrs. Stelly mild sedatives, pain relievers and an injection for what he considered to be rheumatic type pain. The physician who initially treated Mrs. Stelly suturing her wounds, did not testify. Neither did the second physician she consulted who removed the sutures a few days after the accident. Further, Mrs. Stelly consulted a company physician yearly in connection with her seasonal employment at a local canning plant for the purpose of receiving a physical examination. This physician’s annual reports are in the record and nowhere indicate any findings of the symptoms of which Mrs. Stelly complains nor any indication that she complained to him of the symptoms. It can be seen then, that of the five physicians consulted by Mrs. Stelly, only one could associate her complaints with the accident, and his only basis for doing so was the history that he was given by Mrs. Stelly herself.
*927 Other than the medical testimony, Mrs. Stelly produced, besides her own testimony, her husband Felix Stelly, Sr. as a witness in her behalf. They both testified that Mrs. Stelly was an active woman, able to work in the field alongside her husband prior to the accident and that after the accident she was barely able to do her own housework, let alone help her husband in the field. This, of course, they said was due to the fact that she had no complaints of pain before the accident whereas she had many such complaints after the accident. We note, however, that Mrs. Stelly reported for work at a local cannery three days after the accident and never missed a day’s work at the cannery, a job which required her to be on her feet for several hours at a time. Also she produced no one, save her husband and Dr. Jackson who could testify as to her complaints and the. latter saw her only twice in five years. Further, the personnel supervisor at the canning plant testified that insofar as her records revealed, Mrs. Stelly had never complained of any pain while at work and that had she done so, the records would reflect it.
It has been held by our courts that, “the establishment of a mere possibility of aggravation is not sufficient. Plaintiff must establish his claim by a preponderance of evidence.” Smith v. New York Fire & Marine Underwriters, La.App., 182 So.2d 741; Hazelton v. Watson, La.App., 116 So.2d 733. In view of the foregoing, we must conclude that Mrs. Stelly has not proved the aggravation of her condition with that reasonable degree of certainty required by the law. We therefore are of the opinion that the trial court did not err in failing to award damages for this portion of her complaint and further that the $500.00 awarded by it is neither excessive nor inadequate compensation for the injuries which she did prove, i. e., a laceration to the head and one finger with their attendant pain and discomfort.
For the foregoing reasons the judgmént of the trial court is affirmed at appellant’s cost.
Affirmed.