CLEON A. CANNIZZARO, JR., Judge.
The plaintiff, Juanita Gwin Russell, appeals from a trial court judgment that dismissed her suit against the defendant, Allstate Insurance Company (“Allstate”). We affirm.
FACTS
This litigation arose from an automobile accident that occurred on June 5, 1998, in Chalmette, Louisiana. At the time, the plaintiff was operating her 1983 Mazda when a 1996 Pontiac being driven by Nicholas Rodrigue struck her from behind. Following the accident, the plaintiff filed a personal injury suit against Rodrigue, his father and the owner of the Pontiac, Peter Rodrigue, and Southern Farm Bureau Casualty Insurance Company, the Rodrigues’ liability insurer. The plaintiff settled her claims against the Rodrigues and Southern Farm Bureau for $99,000.00, within the policy limits of $100,000.00.
The plaintiff subsequently filed suit against Allstate, her uninsured/ underin-sured motorist carrier. Allstate denied the claim, arguing that the plaintiffs damages did not exceed the Rodrigues’ policy limits of $100,000.00.
| ¡The matter was tried before a judge on October 4, 2001. The plaintiff and her husband were the only witnesses to testify at trial and her medical records were introduced into evidence. The trial court rendered judgment in favor of Allstate, finding that the plaintiffs damages were within Southern Farm Bureau’s $100,000.00 liability policy limits. In his reasons for judgment, the trial court stated, in part, “it does not appear to this court that Mrs. Russell has been significantly affected by her injury. This court does not find that Mrs. Russell intends to have surgery.” The plaintiff appealed.
*732 STANDARD OF REVIEW
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). In Mart v. Hill, 505 So.2d 1120, 1127 (La.1987), the Supreme Court announced a two-part test for the reversal of a fact finder’s determinations:
1. The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2. The appellate court must further determine that the record establishes that the finding is clearly wrong or manifestly erroneous.
The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. See generally Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cense, 579 So.2d 973 (La.1991). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, | seasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell, supra; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
DISCUSSION
The plaintiff raises two assignments of error in her appeal brief. First, she argues that the trial court erred in finding that she was not significantly affected by her injuries. In support of her argument, the plaintiff relies on her testimony that as a result of the accident she continues to have neck and wrist pains, discomfort in her arm and hand, and constant headaches. She can no longer play tennis, golf, exercise at the gym, or take long bike rides as she did before the accident. Also, her husband must now do most of her household chores.
In her second assignment of error, the plaintiff argues that the trial court erred in finding the evidence insufficient to support her claim for future medical treatment. She relies on Dr. Kenneth Vogel’s diagnosis that recommended a cervical disc removal and fusion. The plaintiff contends that because she treated her injuries conservatively and declined to undergo surgery, the trial court mistakenly found that future surgery was unlikely.
Allstate, on the other hand, argues that the trial court’s judgment is supported by the evidence and should not be disturbed on appeal. Specifically, it argues that the trial court’s finding that the plaintiffs wrist pain was unrelated to the accident is supported by the opinion of Dr. Harold Stokes, the plaintiffs treating physician. Allstate also asserts that the first three doctors that had examined the plaintiff, Dr. Aaron Friedman, Dr. George Murphy, and Dr. Robert Mímeles (Allstate’s independent medical examiner), all recommended |4conservative treatment. Dr. Mí-meles, after ordering an MRI in March 1999, diagnosed the plaintiff with degenerative disc disease. Only Dr. Vogel recommended a cervical fusion after reviewing the MRI ordered by Dr. Mímeles.
Allstate emphasizes that the plaintiff admitted that she was satisfied with conservative treatment. It notes that although the plaintiff testified that she wanted a second opinion regarding surgery, she never sought one, notwithstanding that she had obtained two referrals from her physician.
*733 The trial court’s determination that the plaintiffs damages did not exceed the coverage provided by the Rodrigues’ liability policy is factual in nature, and thus, must be evaluated under the manifest error or clearly wrong standard set forth in Rosell, supra.
The evidence in the record indicates that in March 1999, the plaintiff underwent an MRI pursuant to Dr. Mímeles’ orders. The test revealed that she had advanced degenerative disc disease at the C5-6 level, for which Dr. Mímeles recommended conservative treatment. The plaintiff testified that she was comfortable with Dr. Mímeles’ recommendation of conservative treatment, and sought treatment with a chiropractor. The medical records indicated that the plaintiffs visits to the chiropractor were sporadic, with substantial periods of time where she received no treatment.
The plaintiff later obtained an opinion from Dr. Vogel, who agreed with the MRI results, but recommended surgery. The plaintiff testified that she was still considering surgery, but wanted a second opinion. When questioned on the issue, however, she admitted that she had not investigated the surgery option any further and did not seek a second opinion. Moreover, when the case finally went to trial more than three years after the accident the plaintiff still had not yet sought a |fisecond opinion. Thus, in view of the plaintiffs testimony and other evidence, the trial court did not err in concluding that the plaintiff did not intend to have surgery.
As to her wrist injury, the plaintiff claimed that the pain prevented her from participating in many of the physical activities that she had enjoyed prior to the accident. To the contrary, however, the trial testimony disclosed that the plaintiff began playing more tennis and joined a tennis league within one year after the accident. She was forced to stop playing tennis when she developed the wrist ailment, but Dr. Stokes’ records indicated that she did not seek medical attention for her wrist pain until more than one year after the accident. Based on the medical evidence, the trial court’s finding that the plaintiffs wrist ailment was unrelated to the accident is not clearly wrong.
CONCLUSION
After a thorough review of the record, we find the trial court’s findings were not manifestly erroneous. Accordingly, for the foregoing reasons, the trial court’s judgment dismissing the plaintiffs suit against Allstate is affirmed.
AFFIRMED.