# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**08-1045**

DAVID L. BIENEMANN

VERSUS

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, C-2006-3572-A
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**J. DAVID PAINTER**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, J. David Painter, and James T. Genovese, Judges.

**REVERSED AND RENDERED.**

James S. Gates
613 S. Main Street
Opelousas, LA 70570
Counsel for Plaintiff-Appellant:
    David Bienemann

Gretchen Heider Mayard
Katherine Paine Martin
714 East Kaliste Saloom Road, Suite D-2
Lafayette, LA 70598
Counsel for Defendant-Appellee:
    State Farm Mutual Automobile
    Insurance Company

**PAINTER, Judge.**

Plaintiff, David Bienemann, appeals the trial court's judgment in favor of the uninsured/underinsured motorist (UM/UIM) carrier, State Farm Mutual Automobile Insurance Company (State Farm). For the reasons that follow, we reverse the trial court's ruling and render judgment in favor of Bienemann in the amount of $21,868.87.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 2004, Bienemann, who was driving a 1991 GMC Jimmy owned by Michael Patout, was rear-ended by a 1987 Lincoln Towncar driven by Joseph Babineaux. State Farm was the liability insurer for Babineaux as well as the UM/UIM carrier for Patout.

Bienemann, who suffered from chronic neck pain resulting from a 1995 accident, alleged a severe aggravation of his pre-existing condition. Bienemann also had pre-existing back problems. He was being treated by Dr. Randy Lavespere at the time of the subject accident and had seen Dr. Lavespere the day before. Although he testified that he knew that he was hurt, Bienemann did not seek medical treatment immediately after the subject accident but returned to Dr. Lavespere on January 6, 2005, nine days afterwards and for a regularly scheduled appointment, complaining that his pain had worsened since the accident at issue herein. He began treating with Dr. Doreen Abadco in May of 2005 when Dr. Lavespere discontinued his practice. In a report dated September 10, 2005, Dr. Abadco, who is board certified in anesthesiology and pain medicine, opined that both his neck and back pain were aggravated by the subject accident. He began treatment with a neurologist, Dr. Ronnie Goswami, on November 22, 2006. In 2007, Dr. Goswami referred

1

Bienemann to a psychiatrist for depression and to a pain management clinic. At the time of trial, Bienemann was living with his sister in San Antonio. He was not employed at the time of trial, and his employment history was varied. He had worked as a hotshot driver, owned and operated several bars, owned a scrap automobile business, and sold cars. However, Bienemann testified that, prior to the subject accident, he did not have any periods of unemployment that lasted more than two or three months. In October of 2005, after Hurricane Katrina, Bienemann worked as an insurance adjuster for about eight months, and that was his last time of employment.

State Farm, as liability insurer for Babineaux, settled with Bienemann for the $10,000.00 policy limits prior to trial. As UM/UIM carrier for Patout, State Farm paid $5,000.00 in medical payment coverage and $13,131.13 in unconditional tenders. The policy limit of the UM coverage was $100,000.00. The matter proceeded to bench trial against State Farm in its UM/UIM capacity, with Bienemann stipulating that his total damages did not exceed $50,000.00. Liability was not at issue. The only issue was the amount of damages, if any, Bienemann was entitled to recover under the UM/UIM policy. Bienemann was the only witness to testify at trial. All of the evidence, which consisted of medical records, photographs, and accident reports, was received by stipulation. State Farm contended that, even if he were able to prove an aggravation of his pre-existing condition, the amount received by Bienemann was adequate to compensate him for the injuries allegedly received in this minor accident where the property damage totaled only $145.00. The trial court found that Bienemann suffered an aggravation of his pre-existing condition but failed to prove that his damages exceeded the total of $28,131.13 that he had already received. Accordingly, the trial court rendered judgment in favor of State Farm.

2

Bienemann now appeals, asserting that the trial court committed manifest error in finding that his damages were not in excess of the sums already received.

## DISCUSSION

The trial court found as follows:

> Dr. Doreen Abadco, who started treating Mr. Bienemann in May of 2005, stated in her narrative report of September 10, 2005 that it was more probable than not that the December 2004 accident aggravated his neck pain. There is no medical testimony that contradicts that.
>
> . . . .
>
> Mr. Bienemann suffered an aggravation of an already serious and chronic condition of the neck and back. However, the Court finds that the plaintiff has failed to prove that his damages exceed what he has received to date, $28,131.13. In reaching this determination, the court is persuaded by the evidence showing no substantial change in medication following the accident and the evidence showing that Mr. Bienemann was able to work as an insurance adjuster in September of 2005. In addition, the evidence shows that most of the post-accident medical expenses would have been incurred anyway due to the chronic nature of the plaintiff's condition.

The determination that Bienemann's damages did not exceed the coverage provided by Babineaux's liability policy is factual in nature. *Russell v. Allstate Ins. Co.*, 02-1178 (La.App. 4 Cir. 5/28/03), 848 So.2d 730. In *Rabalais v. Nash*, 06-999, p. 4 (La. 3/9/07), 952 So.2d 635, 657, the Louisiana Supreme Court has recently reiterated the applicable standard of review as follows:

> It is well-settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. *Blair v. Tynes*, 621 So.2d 591, 601 (La.1993); *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). To reverse a fact-finder's determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and that the record establishes that the finding is clearly wrong. *Mart v. Hill*, 505 So.2d 1120 (La.1987). Where the jury's findings are reasonable, in light of the record viewed in its entirety, the court of appeal may not reverse. Even where the court of appeal is convinced that it would have weighed the evidence differently to reach a different

3

result, reversal of the trial court is improper unless the trial court's ruling is manifestly erroneous, or clearly wrong. *Blair, supra.*

With respect to Bienemann, who was clearly an eggshell plaintiff, we are mindful that:

> [t]he defendant's liability for damages is not mitigated by the fact that the plaintiff's pre-existing physical infirmity was responsible in part for the consequences of the plaintiff's injury by the defendant. It is clear that a defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct.

*Lasha v. Olin Corp.*, 625 So.2d 1002, 1005 (La.1993), *citing Perniciaro v. Brinch*, 384 So.2d 392, 395 (La.1980), *Sansonni v. Jefferson Parish School Board*, 344 So.2d 42 (La.App. 4th Cir.1977), *Deville v. United States Fidelity & Guaranty Company*, 258 So.2d 694 (La.App. 3d Cir.1972), *Dufrene v. Miller*, 266 So.2d 462 (La.App. 4th Cir.1972), *Rachal v. Bankers and Shippers Insurance Company*, 146 So.2d 426 (La.App.3d Cir.1962), and *Johnston v. Ford Motor Co.*, 443 F.Supp. 870 (E.D.La.1978). The "eggshell plaintiff" is required to establish a causal link between the tortious conduct and the aggravation of his pre-existing condition. *Chavers v. Travis*, 04-992 (La.App. 4 Cir. 4/20/05), 902 So.2d 389.

We have reviewed the record and agree with the trial court's finding that Bienemann suffered an aggravation of his pre-existing condition. We also find that Bienemann proved the requisite causal link between the subject accident and the aggravation of his pre-existing condition as the report of Dr. Abadco was uncontradicted. However, we find that the trial court committed manifest error in failing to find that Bienemann's damages exceeded the amount previously received in settlement. Bienemann stipulated that his damages did not exceed $50,000.00. He contended that his medicals totaled $37,218.28 while State Farm contended that his medicals from the date of the accident until he was able to take physical labor jobs

4

in September of 2005 totaled $13,854.38. Even accepting State Farm's contention, we find that trial court was manifestly erroneous in failing to award any additional damages. Prior to the subject accident, Bienemann was able to live alone, own his own home, and maintain his employment. He currently resides with his sister and is unable to maintain employment. He also testified that he was depressed since this accident, that the pain now interferes with ability to concentrate, and that he was required to abandon his volunteer activities due to the constant pain. Based on the medical records and Bienemann's uncontroverted testimony, we find that $28,131.13 was inadequate to compensate him for the aggravation of his pre-existing condition that was caused by this accident. Accordingly, we award Bienemann an additional $21,868.87 in damages.

## DECREE

We reverse the judgment of the trial court and render judgment in favor of Bienemann in the amount of $21,868.87. Costs of this appeal are assessed to Defendant-Appellee, State Farm Mutual Automobile Insurance Company.

**REVERSED AND RENDERED.**