NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-598

MIRIAM H. DYESS

VERSUS

STATE FARM MUTUAL AUTO
INSURANCE COMPANY, ET AL.

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 219,377
HONORABLE GEORGE C. METOYER, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Sam C. Giordano, Attorney at Law
P.O. Box 991
Alexandria, LA 71309
Counsel for Plaintiff/Appellee:
     Miriam Dyess

Michael L. Glass, Attorney at Law
1733 White Street
Alexandria, LA 71301
Counsel for Plaintiff/Appellee:
     Miriam Dyess

Ian A. MacDonald, Attorney at Law
P.O. Drawer 3408
Lafayette, LA 70502-3408
Counsel for Defendant/Appellant:
     Farmers Insurance Exchange

**PAINTER, Judge.**

In this personal injury case, Defendant, Farmers Insurance Exchange, appeals the trial court's award of $103,000.00 for what Defendant characterizes as a twelve-month cervical strain. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of an automobile accident that occurred on December 22, 2003, in Alexandria, Louisiana. Plaintiff, Miriam H. Dyess, was traveling on Elliott Street, and, as she pulled into its intersection with MacArthur Drive, Charles Thomas pulled out in front of her. Dyess' vehicle, which was traveling about ten miles per hour, hit the rear of Thomas' truck. Thomas was insured by State Farm. Dyess had uninsured/underinsured motorist coverage with Farmers Insurance Exchange. Dyess contends that she sustained injuries to her neck, shoulder, hand, back, right leg, and that she suffered headaches, foot pain, and numbness. Farmers Insurance Exchange contends that this was a minor accident, causing only $1,500.00 in damage to Dyess' vehicle, that Dyess denied any injury at the scene, and that her injuries were caused by pre-existing carpal tunnel syndrome and fibromyalgia and from a subsequent on-the-job injury.

Following a bench trial, the trial court awarded $25,000.00 in special damages and $78,000.00 in general damages, including loss of enjoyment of life. Farmers Insurance Exchange was given a credit/offset for $27,000.00 previously paid by State Farm Mutual Automobile Insurance Company, representing the underlying limits of liability and a credit for $2,000.00 previously tendered by Farmers Insurance Exchange. Dyess filed a motion for partial new trial, alleging that she should have been awarded a separate and additional sum for loss of enjoyment of life. This motion was denied.

Farmers Insurance Exchange now appeals the judgment, asserting that the damage award should be set aside or reduced because it is manifestly erroneous, that the trial court erred in awarding damages and medical expenses for injuries other than those to Dyess' neck, and that the award of $103,000.00 should be reduced because

1

it is an abuse of discretion. Dyess did not answer the appeal or assert any error with respect to the denial of her motion for partial new trial. We affirm the trial court's judgment.

## DISCUSSION

In its oral reasons for judgment, the trial court found as follows:

> There is no dispute as to how the accident happened, so we turn our attention to damages. The plaintiff was credible and truthful in her answering. And as such, this court will not penalize her for any minor discrepancies.

> What we have here is an eggshell victim who already had some medical problems. But as such, you must take the victim as you find them. The testimony reveals that she suffered pain in her neck, back, arms, wrists, and hands. This court can come to no correlation between the amount of property damage and the amount of bodily harm suffered by the plaintiff. It is unfortunate that the plaintiff is still suffering from the effects of this accident[,] and the court recognizes this. The medical testimony is clear that plaintiff still suffers from the accident[,] and this court notes that.

In *Bienemann v. State Farm Mut. Auto. Ins. Co.*, 08-1045, pp. 3-4 (La.App. 3 Cir. 2/4/09), 3 So.3d 621, 623-24, this court has recently noted:

> In *Rabalais v. Nash*, 06-0999, p. 4 (La.3/9/07), 952 So.2d 653, 657, the Louisiana Supreme Court has recently reiterated the applicable standard of review as follows:

>> It is well-settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. *Blair v. Tynes*, 621 So.2d 591, 601 (La.1993); *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). To reverse a fact-finder's determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and that the record establishes that the finding is clearly wrong. *Mart v. Hill*, 505 So.2d 1120 (La.1987). Where the jury's findings are reasonable, in light of the record viewed in its entirety, the court of appeal may not reverse. Even where the court of appeal is convinced that it would have weighed the evidence differently to reach a different result, reversal of the trial court is improper unless the trial court's ruling is manifestly erroneous, or clearly wrong. *Blair*, supra.

> With respect to Bienemann, who was clearly an eggshell plaintiff, we are mindful that:

>> [t]he defendant's liability for damages is not mitigated by the fact that the plaintiff's pre-existing physical infirmity was responsible in part for the consequences of the plaintiff's injury by the defendant. It is clear that a

2

> defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct.

> *Lasha v. Olin Corp.*, 625 So.2d 1002, 1005 (La.1993), *citing Perniciaro v. Brinch*, 384 So.2d 392, 395 (La.1980), *Sansonni v. Jefferson Parish School Board*, 344 So.2d 42 (La.App. 4th Cir.1977), *Deville v. United States Fidelity & Guaranty Company*, 258 So.2d 694 (La.App. 3d Cir.1972), *Dufrene v. Miller*, 266 So.2d 462 (La.App. 4th Cir.1972), *Rachal v. Bankers and Shippers Insurance Company*, 146 So.2d 426 (La.App. 3d Cir.1962), and *Johnston v. Ford Motor Co.*, 443 F.Supp. 870 (E.D.La.1978). The "eggshell plaintiff" is required to establish a causal link between the tortious conduct and the aggravation of his pre-existing condition. *Chavers v. Travis*, 04-0992 (La.App. 4 Cir. 4/20/05), 902 So.2d 389.

"An injured person is entitled to recover full compensation for all damages that proximately result from a defendant's tortious act, even if some or all of the injuries might not have occurred but for the plaintiff's preexisting physical condition, disease, or susceptibility to injury." 2 *Stein on Personal Injury Damages 3d* § 11.1 ("Stein"). The plaintiff fails to carry the requisite burden of proving causation if the pre-accident and post-accident conditions are identical in all meaningful respects. *Juneau v. Strawmyer*, 94-0903 (La.App. 4 Cir. 12/15/94), 647 So.2d 1294.

Dr. Robert Rush, an expert in the fields of family and occupational medicine, testified at trial. Dr. Rush first saw Dyess on January 20, 2004, after the subject accident. She related the history of the accident to him and complained of neck pain. Dr. Rush was aware of her history of hypertension, fibromyalgia, and depression. He testified that he was initially treating her for an acute strain of the cervical spine and noted that he could not rule out an exacerbation of the fibromyalgia. Dr. Rush further testified that her cervical strain became chronic and that he treated her conservatively with medication and therapy until January 11, 2005. Dr. Rush related her cervical strain to the subject accident. He also opined that her pre-existing carpal tunnel syndrome was exacerbated by the subject accident. He also testified that fibromyalgia patients were more likely to develop chronic cervical syndrome than other patients. Finally, Dr. Rush testified that it would not be inconsistent for Dyess to continue to suffer the same complaints some five years after the accident. Farmers Insurance Exchange did not present any evidence to contradict Dr. Rush's testimony. D r .

Lenin Pinnamaneni's video deposition was introduced at trial. Dr. Pinnamaneni is an expert in the field of internal medicine. He began treating Dyess in November 2005 for low back pain. He was unaware of the subject accident.

Dr. Stig Pettersen, a neurologist, treated Dyess in 2006. At that time, Dyess indicated that she "aggravated her back" by moving some boxes. Dr. Pettersen's deposition was introduced at trial. Dyess did not indicate to Dr. Pettersen that she had any prior back or neck pain. However, Dr. Pettersen testified that he was unsure as to whether or not Dyess actually completed the questionnaire. Dr. Pettersen performed a laminectomy and dissection of the synovial cyst at L4-5.

Defendants contend that most, if not all, of Dyess' problems stem from her pre-existing conditions and subsequent injury in 2005. We agree with the trial court's finding that Dyess suffered an aggravation of her pre-existing conditions. Dr. Rush's uncontradicted testimony relates Dyess' complaints to the subject accident and was sufficient to establish an aggravation of Dyess' pre-existing conditions.

> As to the awards of general damages, the standard of review is whether the trial judge abused his much discretion in fixing the award, *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993). In *Youn* the court reiterated the longstanding rule of *Reck v. Stevens*, 373 So.2d 498 (La.1979) that the role of the appellate court is not to fix an award that it deems appropriate to the case, but rather to determine whether, based on the effect of the particular injuries on the particular plaintiff in the particular circumstances in which plaintiff finds himself, the award is an abuse of discretion of the trier of fact. It is only when the appellate court finds, for articulable [sic] reasons, that such an abuse has occurred that it may then look to other cases involving similar injuries to similarly situated plaintiffs for guidance.

*Lewis v. Ingles*, 02-121, p. 10 (La.App. 5 Cir. 7/30/02), 823 So.2d 1033, 1038-39, *writ denied*, 02-2463 (La. 11/22/02), 829 So.2d 1052.

While we might feel that the damage award in this case may be high, we cannot say that it is so high as to constitute an abuse of the trial court's vast discretion. Based on the testimony of Dyess and her daughter, Katherine Elizabeth Dyess, as to the impact of the injuries sustained in this accident by Dyess and given the "particular injuries and their effects under the particular circumstances," the trial court's damage award is not beyond that which a reasonable trier of fact could assess. See *Youn*, 623

4

So.2d at 1260. Thus, we find no abuse of discretion in the trial court's award of damages.

## DECREE

For all of the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to Defendant/Appellant, Farmers Insurance Exchange.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.